

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Sietuju v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Sietuju v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2574
_____

ROBIN SIETUJU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A97 150 052)
Immigration Judge:  Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2009

Before: BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2009)
_____

OPINION
_____

PER CURIAM

Robin Sietuju, a native and citizen of Indonesia, was admitted to the United States

in January 1999, with authorization to remain for approximately six months.  In 2004, the

Government charged him as removable for overstaying his period of admission.  <u>See</u>

Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)].

Sietuju conceded the charge but sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). He claimed that he was persecuted in the past and that he also fears future persecution because he is ethnically Chinese and Christian. The Immigration Judge ("IJ") denied Sietuju's asylum application as time-barred, and concluded that he was not entitled to withholding of removal or relief under the CAT. In particular, the IJ observed that Sietuju's experiences in Indonesia were not so severe that they amounted to persecution, that he failed to establish that there is a pattern or practice of persecution of Chinese Christians, and that he did not prove that he would more likely than not be tortured if removed. The BIA affirmed all of the IJ's findings. Sietuju timely petitioned for review of the BIA's order.

We have jurisdiction over the petition pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)], but our review in this case is limited to issues relating to the denial of withholding of removal.[1] Because the BIA adopted and affirmed the decision of the IJ, this Court reviews the decision of the IJ. See Partyka v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005). We review the IJ's factual determinations under the substantial evidence standard. See Toure v. Attorney General, 443 F.3d 310, 316 (3d Cir. 2006). Under that

---

[1] Sietuju does not challenge the IJ's determination that his asylum application was untimely filed (a determination which, in any event, we are precluded from reviewing, see Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006)), or the denial of relief under the CAT.

standard, the decision must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).

To obtain withholding of removal, an applicant must establish a "clear probability," *i.e.*, that "it is more likely than not," that his life or freedom would be threatened if returned to Indonesia due to his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)]; Chang v. INS, 119 F.3d 1055, 1066 (3d Cir. 1997). This standard can be met by proving past persecution, which creates a rebuttable presumption of future persecution. See 8 C.F.R. § 1208.16(b)(1). An applicant who has not suffered past persecution may obtain relief by establishing that there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of a protected ground. See 8 C.F.R. § 208.16(b)(2). To qualify as a "pattern or practice," the persecution must be "systemic, pervasive, or organized." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005).

Sietuju alleged that his parents' home was attacked by native Indonesians throwing rocks, that as a child he was called "Cina," a derogatory term for a Chinese person, and that he witnessed the aftermath of the May 1998 riots. In addition, Sietuju claimed that he was attacked on July 20, 1998 by two native Indonesians who demanded money. When Sietuju refused to relinquish his wallet, the men shouted racial epithets and stabbed

3

him in his arm and in his leg. Sietuju received medical treatment but did not report the incident to the police. He remained in Indonesia for five months without incident before traveling to the United States.

Substantial evidence supports the IJ's conclusion that Sietuju failed to demonstrate that it is more likely than not that his life or freedom would be threatened in Indonesia because of his race or religion. The assault and robbery did not rise to the level of "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Indeed, the record indicates that the attack was an isolated criminal act perpetrated by anonymous thieves. See Lie, 396 F.3d at 536 (holding that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution."). Furthermore, the attack on Sietuju's home, the derogatory name-calling, and witnessing the riots do not rise to the level of persecution.

To the extent Sietuju alleges that in Indonesia there is "a pattern or practice of persecution of a group of persons similarly situated" to him, his claim fails. We have concluded that ethnically Chinese Christians do not face systemic persecution in Indonesia because the ongoing violence appeared to be "wrought by fellow citizens" and was not the result of "governmental action or acquiescence." Lie, 396 F.3d at 537. We are not compelled to hold differently in this case. Although the background material

4

contains reports of discrimination against Chinese Christians in Indonesia, it also documents examples of government efforts to hinder conflict and promote tolerance. See Kayembe v. Ashcroft, 334 F.3d 231, 236 (3d. Cir. 2003) ("Just because the State Department report cuts both ways ... does not mean that it does not constitute substantial evidence."). For example, the IJ referenced the facilitation of peace agreements in conflict areas, the Indonesian government's official recognition of Christian holidays, a national celebration of Chinese New Year, and efforts by the Indonesian police to investigate crimes against Chinese Christians. We therefore conclude that substantial evidence supports the conclusion that Sietuju failed to establish a pattern or practice of persecution in Indonesia.

Because Sietuju has not demonstrated that it is more likely than not that he will be persecuted upon his return to Indonesia, we will deny his petition for review.